UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BILLY JOE JOHNSON,

    Plaintiff,

    v.      CAUSE NO. 3:21-CV-365-JD-MGG

SHAMIKA JORDAN, et al.,

    Defendants.

OPINION AND ORDER

Billy Joe Johnson, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 2.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must nevertheless give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Johnson is a pretrial detainee at the St. Joseph County Jail. His complaint is confusing. He claims that two women, Shamika Jordan and Samantha Kelly, came to the jail pretending to be police officers and "started . . . sexual performing for money to

get back at me." It appears that one of the women is his ex-girlfriend. He further claims that one of the women has been sneaking in and out of his cell, and used "some kind of electronic device" to give him third-degree burns on his stomach and other parts of his body. He further claims that the two women have been running an "insurance fraud scam . . . all over South Bend."

Upon review, there is no discernible federal claim contained in the complaint. It appears the two women mentioned in the complaint are private citizens, and Mr. Johnson cannot sue a private individual under 42 U.S.C. § 1983, as that statute only applies to government actors.[1] *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). There is also no basis to suggest that diversity jurisdiction exists, as it can be discerned that Mr. Johnson and the two defendants are citizens of Indiana. *See* 28 U.S.C. § 1332(a)(1). Additionally, his allegations about the two women sneaking in and out of the jail performing sexual acts and burning him with an electronic device are in the vein of "fantastic" or "delusional." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

In the interest of justice, the court will allow Mr. Johnson to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible claim for

---

[1] The court notes that Mr. Johnson lists the mayor of South Bend on the caption of his *in forma pauperis* motion. (ECF 2 at 1.) However, he does not mention the mayor in his complaint or provide any factual content to plausibly suggest that the mayor violated his constitutional rights.

2

relief in federal court, consistent with the allegations he has already made. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **June 24, 2021**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on May 24, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT